UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN R. MCCARTHY,

    Petitioner,

v.

W.L. MONTGOMERY, Warden,

    Respondent.

Case No.  15-cv-01087-JST (PR)

**ORDER TO SHOW CAUSE**

Petitioner, a state prisoner incarcerated at Calipatria State Prison and proceeding pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He has paid the filing fee.

**DISCUSSION**

**A.**  **Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

**B.**  **Petitioner's Claims**

Petitioner alleges that he is in custody serving a twenty-five year and eight-month sentence following a 2005 conviction.  In this action, he challenges the execution of his sentence. Specifically, he alleges that he was validated as a prison gang associate of the EME prison gang upon his arrival to state prison in 2005.  As a result, he was placed in the Security Housing Unit

("SHU").  In 2010, he underwent gang inactivity review proceedings and was found to be an active gang member, resulting in his continued retention in the SHU.  California Penal Code § 2933.6, as amended effective January 25, 2010, precludes good time credits while in the SHU.  Petitioner contends that the application of the amended version of § 2933.6 to him resulted in his minimum release date being extended by approximately one year and three months.  Petitioner claims he did not receive due process at his gang inactivity review proceedings in that: (1) the source item used to classify him as an active gang associate did not meet the "some evidence" standard; and (2) prison officials did not investigate the source item used to classify him as an active gang associate.  Liberally construed, petitioner's claim are cognizable under § 2254 and merit an answer from respondent.

**CONCLUSION**

1. The Clerk shall mail a copy of this order and the petition, with all attachments, to the respondent and the respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the record of the gang validation proceedings that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **twenty-eight (28) days** of the date the answer is filed.

3. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

2

1   4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). See Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. Pursuant to Federal Rule of Civil Procedure 25(d), the Court sua sponte substitutes W.L. Montgomery, the current warden of Calipatria State Prison, where petitioner is currently incarcerated, as respondent.

**IT IS SO ORDERED.**

Dated: July 17, 2015

_____
JON S. TIGAR
United States District Judge